```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

```
LARRY J. MARSHALL,                 :
                                   :
     Plaintiff,                    :
                                   :
vs.                                :   CIVIL ACTION 07-00690-CB-B
                                   :
ROBERT RASHTI,                     :
                                   :
     Defendants.
```

### REPORT AND RECOMMENDATION

Plaintiff filed a one page hand-written complaint, along with a Motion to Proceed Without Payment of Fees (Docs. 1 & 2).[1]  In an Order dated February 7, 2008 (Doc. 3), the undersigned directed Plaintiff to file an Amended Complaint and a new Motion to Proceed Without Payment of Fees by February 22, 2008.  With respect to Plaintiff's motion, the undersigned noted that the information provided is sketchy and as a result, the Court could not determine whether Plaintiff is entitled to proceed without payment of fees.  Thus, Plaintiff's motion was denied without prejudice, and he was directed to file a new motion detailing his monthly expenses, and explaining how he provides for his basic living needs.

With respect to Plaintiff's Complaint, the undersigned observed that it is deficient because it does not comply with Rule

---

[1]Plaintiff's motion has been referred to the undersigned pursuant to Local Rule 72.2(c)(1), which provides that non-dispositive pretrial matters shall automatically be referred to a magistrate judge for hearing and determination.

8(a) of the Federal Rules of Civil Procedure[2].  Plaintiff was advised that his new complaint shall contain "' a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).  Plaintiff was further advised that in drafting his new complaint, he had to state why this Court has jurisdiction over his action because federal courts can only hear certain types of actions.  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Plaintiff was also cautioned that his failure to establish this Court's jurisdiction would result in the dismissal without prejudice of this action.  Taylor, 30 F.3d at 1366, 1370.

 Plaintiff submitted another Motion to Proceed Without Payment of Fees on February 11, 2008, along with a four page hand-written letter.(Doc. 4)  As with Plaintiff's initial filing, the four page letter is rambling and difficult to decipher.  As best the

---

[2]Rule 8(a) provides:
 (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

undersigned can discern, Plaintiff appears to allege that at age 10, he had an accident which required surgery, and that during 2007, he discovered that Defendant Robert Rashti inserted some type of experimental device into his brain without his knowledge during the prior surgery. (Docs. 1, 4).  Although Plaintiff was expressly directed to identify the grounds for federal jurisdiction, he has failed to do so[3].  Thus, assuming arguendo that Plaintiff's four page letter constitutes his amended complaint, it nevertheless violates Rule 8(a)(1) of the Federal Rules of Civil Procedure as Plaintiff has still failed to show why this lawsuit can properly be brought into federal court.  Because Plaintiff has not established a basis for federal jurisdiction over this matter, his complaint must be dismissed. *See* Morrison v. Allstate Indemnity Co., 228 F. 3d 1255, 1261 (11th Cir. 2000)(when subject matter jurisdiction is deemed lacking, "the court's sole remaining act is to dismiss the case for lack of jurisdiction").  Accordingly, the undersigned recommends that this action be dismissed without prejudice.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **18th** day of **March, 2008.**

                                                    **/s/ Sonja F. Bivins**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[3]Although Plaintiff is proceeding pro se, he is still required to comply with Rule 8(a)(1).  *See* Moon v. Newsome, 863 F.2d 835, 837 (111th Cir. 1989)(a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure.")

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>


1.      **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


　　　　　　　　　　　　　　　　　　　　　　　　　　<u>   /S/ SONJA F. BIVINS   </u>
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**